UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nathan Brandon,

                                                    Case No. 3:13-cv-02736

                Plaintiff,

     v.                                       MEMORANDUM
                                                    OPINION & ORDER

Carpenters Local 351, et. al.,

               Defendants.

## I. INTRODUCTION

Before me is Defendant Carpenters Local 351's motion to dismiss Count III of Plaintiff Nathan Brandon's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 13). The parties have completed briefing and, for the reasons stated below, Local 351's motion is granted and Brandon's complaint is dismissed as to Count III.

## II. BACKGROUND

Brandon is a carpenter formerly employed by co-defendant Nooter Construction Company at a construction site Nooter operated in Oregon, Lucas County, Ohio. (Doc. No. 1-1 at 1-2, ¶¶ 1-2). Local 351 is a labor organization certified as a bargaining representative for carpenters in Lucas County, including those employed at the Nooter site.[1] (Doc. No. 1-1 at 2, ¶ 3). On November 15, 2012, Brandon dropped a 2x4 foot piece of plywood, which fell approximately 12 feet, injuring a co-worker. (Doc. No. 1-1 at 2, ¶ 6). On November 16, 2012, Nooter terminated Brandon's employment. (Doc. No. 1-1 at 2, ¶ 8). That month, Brandon contacted Local 351 asking to file a

---

[1] I infer from Brandon's complaint he is a member of Local 351, despite an absence in the complaint of an express mention of Brandon's membership in good standing.

1

grievance, to which Local 351's agent responded "nothing could be done . . . because Ohio is an 'at-will' state."  (Doc. No. 1-1 at 2, ¶ 9).  Later that month Local 351's agent informed Brandon its investigation proved "fruitless."  (Doc. No. 1-1 at 3, ¶ 11).  Before the month ended, Brandon secured construction work within Local 351's territory, employment he evidently maintained without interruption until leaving voluntarily.  Brandon has since been employed outside of Local 351's territory.  (Doc. No. 1-1 at 3-4, ¶¶ 12-19).

Brandon filed a complaint in the Lucas County Court of Common Pleas in mid-November 2013 alleging three causes of action: (1) Nooter's tortious interference with a business relationship; (2) Nooter's defamation of Brandon; and (3) Local 351's Breach of Duty of Fair Representation.  The Defendants jointly removed the case on December 11, 2013 (Doc. No. 1 at 1).  I dismissed without prejudice Brandon's second claim against Local 351, defamation, under Rule 41(a)(1), on Feb. 19, 2014.  (Doc. No. 16).  This opinion addresses one of Brandon's two remaining claims: whether Local 351 breached its duty to fairly represent Brandon's interests when it chose not to file a grievance against Nooter for terminating Brandon's employment at the Nooter site on November 15, 2012.  (Doc. No. 1-1 at 7-9).  Local 351 asserts Brandon's claims are barred by the statute of limitations.

### III.  STANDARD

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  I must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

2

allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts, when accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requiring the complaint to allow the court to draw the reasonable inference the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008). I "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A statute of limitations defense is covered by Rule 12(b)(6) and is properly raised by motion. *Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945), *see also New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

## IV. ANALYSIS

### A. STATUTE OF LIMITATIONS

Local 351 argues Brandon's breach of duty of fair representation claim is time-barred. Brandon contends these claims are not time-barred because: (1) the accrual date cannot be

3

determined; (2) the statute of limitations should be equitably tolled; and (3) the Union's actions were continuing in nature. The parties agree this dispute involves a "hybrid" action under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185. Brandon is suing Nooter for breach of contractual obligations under a collective bargaining agreement and Local 351 for breach of its duty of fair representation. The statute of limitations for a breach of duty of fair representation claim is six months. 29 U.S.C. § 160(b) (2012); *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 155 (1983).

### 1. Determination of the accrual date

Brandon asserts the accrual date cannot be determined; therefore, dismissal on the statute of limitations is inappropriate. (Doc. No. 17 at 4). Although the precise accrual date may be impossible to discern from the pleadings, the most favorable reading of the facts fixes the accrual date outside of the statute of limitations.

A claim accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235, 1239 (6th Cir. 1993) (internal quotation and citation omitted). The determination of the accrual date is an objective one: "the asserted knowledge of plaintiffs is not determinative if they did not act as reasonable persons, and, in effect, closed their eyes to evident and objective facts concerning accrual of their right to sue." *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 579 (6th Cir. 1987). *Accord Burkholder v. Int'l Union*, 700 F. Supp. 2d 895, 902 (N.D. Ohio 2010).

The statute of limitations begins to run when a union unequivocally indicates its intention not to prosecute a grievance. *Cf. Garrish v. UAW Local 594*, 417 F.3d 590, 595 (6th Cir. 2005)("the statute of limitation period begins to run when a plaintiff knows that the union has withdrawn his grievance.")(*citing Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1001-02 (6th Cir. 1994)). When Local 351 informed Brandon on November 15, 2012, that "nothing could be done" in regards to his

4

grievance, (Doc. No. 1-1 at 2, ¶ 9), the Defendant placed Brandon on notice he would have to take legal action to protect his rights. Even if some doubt remained, Local 351's later statement Brandon's claim was "fruitless" clears up the matter. (Doc. No. 1-1 at 3, ¶ 11). Drawing all reasonable inferences in Plaintiff's favor, Brandon's cause of action accrued no later than November 30, 2012, establishing a six-month deadline of May 30, 2013. Thus Brandon's complaint filed on November 14, 2013, is time-barred.

**2. Statute of limitations should be equitably tolled due to fraud.**

Plaintiff asserts the statute of limitations should be equitably tolled due to Local 351's fraudulent concealment of the case's merits. (Doc. No. 17 at 5). Brandon fails to plead elements necessary to state a claim for fraudulent concealment under the Sixth Circuit's ruling in *Dayco Corporation v. Goodyear Tire & Rubber Company*. 523 F.2d 389 (6th Cir. 1975).

Circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1160 (6th Cir. 1991). Fraudulent concealment claims require a plaintiff to plead three elements: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 446 (6th Cir. 2012)(*quoting Dayco Corp.*, 523 F.2d at 394).

Wrongful concealment requires a plaintiff to plead "affirmative acts of concealment" rising to the level of a "trick or contrivance intended to exclude suspicion and prevent injury." *Id* at 446-47 (citation omitted). First, Brandon contends Local 351 wrongfully concealed the fact he was a contract employee when an agent of Local 351 referred to Ohio as an "at will" state. (Doc. No 1-1 at 2, ¶ 9). Indeed, Ohio is an employment-at-will state. *See, e.g., Wright v. Honda of Am. Mfg.*, 653 N.E.2d 381, 384 (Ohio 1995). Local 351's mere affirmation of that fact hardly rises to the level of a trick or contrivance. Second, Brandon complains Local 351 concealed his status and rights as a

5

contract employee by conducting an investigation that was either "fruitless," (Doc. No. 1-1 at 3 ¶ 11), or less than full. (Doc. No. 1-1 at 8, ¶ 42). But Local 351 made no effort to conceal the conclusion of its investigation, such as it was. Third, Brandon complains Local 351 is concealing his status and rights as a contract employee by failing to provide a copy of the applicable collective bargaining agreement or of any grievance procedure. (Doc. No. 1-1 at 8, ¶ 44). But a union's failure to timely provide a union member with a copy of the CBA does not *per se* establish fraudulent concealment. *Martin v. Lake Cty. Sewer Co.*, 269 F.3d, 678-79 (6th Cir. 2001).

Brandon's complaint also fails to plead his due-diligence. "Actions such as would deceive a reasonably diligent plaintiff will toll the statute; but those plaintiffs who delay unreasonably in investigating circumstances that should put them on notice will be foreclosed from filing, once the statute has run." *Carrier Corp.*, 673 F.3d at 447 (*quoting Campbell v. Upjohn Co.*, 676 F.2d 1122, 1128 (6th Cir. 1982)). According to Brandon's complaint, his sole positive act of due diligence regarding the incident was filing a grievance. (Doc. No. 1-1 at 2, ¶ 9). Plaintiff fails to plead taking subsequent affirmative steps to pursue his cause, nor does he plead Local 351 was anything other than clear in its intentions not to take further actions. Even if there is some question whether Local 351 provided Plaintiff with certain documents, Plaintiff fails to plead he requested them.

Finally, it is not sufficient, even at the pleadings stage, for Brandon to assert Local 351's statements or actions are merely false. At a minimum, plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 504 (6th Cir. 2007) (*quoting Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)). Because Brandon has not asserted with particularity Local 351's fraudulent scheme and fraudulent intent, his complaint is insufficient.

6

**3. Continuing Violation Theory**

Brandon also contends, assuming I can determine an accrual date and it does not toll the statute of limitations, a cause of action remains timely under a continuing violation theory. (Doc. No. 17 at 6). The circumstances of this case, however, are akin to discrete event claims that fail to meet the requirements for successful application of continuing violation theory.

The Sixth Circuit recognizes a plaintiff may defeat a statute of limitations defense to a fair representation claim by demonstrating an initial actionable injury continuing beyond the end of the limitations period. *Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1000 (6th Cir. 1994). Discrete acts including termination, failure to promote, denial of transfer, and refusal to hire, do not constitute a continuing violation. *Bowerman v. Int'l Union*, 646 F.3d 360, 366 (6th Cir. 2011)(*citing Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)). Brandon asserts his claim arises from "three separate and discrete events [including] Plaintiff's termination on November 15, 2012 . . . March 28, 2013 . . . and on June 26, 2013" (Doc. No. 17 at 2). Even if Local 351 had a duty to represent Brandon on each of these occasions, they are precisely the kind of discrete events, e.g., terminations, the Sixth Circuit does not recognize under a continuing violation theory. Therefore, the statute of limitations runs independently for each discrete event, not as a continuing violation.

**B. LOCAL 351'S DUTY TO PROTEST OR GRIEVE SUBSEQUENT EVENTS**

Finally, Brandon asserts Local 351 breached its duty when it failed "to protest and/or grieve the subsequent and continuing actions of Nooter" and "allowed Nooter to go unrestrained in its continuing actions to block Plaintiff from meaningful job opportunities," (Doc. No. 1-1 at 8, ¶ 42), including those in Whiting, Indiana, (Doc. No. 1-1 at 3, ¶¶ 12-14), West Olive, Michigan, (Doc. No 1-1 at 3-4, ¶¶ 15-16), and Detroit, Michigan, (Doc. No. 1-1 at 4, ¶¶ 17-19).

A union's duty of fair representation arises from its exclusive representative bargaining capacity. *See, e.g., Vaca*, 386 U.S. at 177. Unions breach their duty when their behavior is either

7

"arbitrary, discriminatory, or in bad faith." *Id.* at 190.  The parties agree Local 351 is not Brandon's exclusive bargaining representative in Indiana or Michigan.  (Doc. No. 21 at 9, Doc. No. 1-1 at 2, ¶ 3).  Even if Local 351 was Brandon's duty-bound representative in Indiana or Michigan, and the alleged events occurred within the required statutory period prior to filing, Plaintiff does not allege reporting these events to Local 351 prior to filing this complaint.  Absent allegations Brandon notified Local 351 of Nooter's alleged tortious activity in Michigan and Indiana, Defendant's failure to protest or grieve does not constitute a viable cause of action.

## V. CONCLUSION

For the reasons stated above, Local 351's motion to dismiss (Doc. No. 13) Count III is granted.

So Ordered.

s/Jeffrey J. Helmick  
United States District Judge